IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| GINA MCCLAIN-PRAITHER, | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil Action No.: CBD-19-1741 |
| | * | |
| SHOPPERS FOOD WAREHOUSE, CORP. | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |
| | ***** | |

## **MEMORANDUM OPINION**

Before the Court is Defendant's Motion for Summary Judgment ("Defendant's Motion"), ECF No. 29. The Court has reviewed Defendant's Motion, the opposition thereto, and Defendant's Reply. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons set forth below, the Court GRANTS Defendant's Motion.

### I. Factual Background

On December 31, 2016, Plaintiff Gina McClain-Praither suffered a slip-and-fall accident on the premises of Defendant Shoppers Food Warehouse, Corp ("Shoppers") located in Bowie, Maryland. Statement of Claims ¶ 2, ECF No. 1–2. Plaintiff was leaving the checking aisle with three grocery bags when she allegedly tripped over a mat and fell forward. McClain-Praither Dep. 21:14–19. Plaintiff testified that she did not notice anything wrong with the mats when she entered the store. *Id.* 22:14–17. Plaintiff believes that when she tripped, the "[the mat] *may* have been bunched or had a pucker." *Id.* at 23:1–3 (emphasis added). However, Plaintiff was unsure whether there was a bunch or pucker in the mat before she fell. *Id*. at 24:16–26:1, 27:21–28:1,

1

37:8–11, 38:20–39:3.  Plaintiff stated that she recalled seeing a bunch or pucker in the mat after she had fallen.  *Id.* at 25:4–6.  Plaintiff further stated that she was unsure how long the mat was not flat or how the mat became bunched up.  *Id.* at 27:2–5.  Plaintiff also stated that she did not have a reason to believe any of the store employees actually knew that there was something wrong with the mat before she fell.  *Id.* at 37:22–38:4.  After Plaintiff fell, Plaintiff testified that she went to the customer service desk and spoke to the store manager who asked Plaintiff whether there was a pucker in the mat.  *Id.* at 35:20–36:14.  According to Plaintiff, as a result of the fall, she suffered injuries to her neck, back, and has bilateral knee pain.  Statement of Claims ¶ 2.

Plaintiff filed a complaint in the District Court of Maryland for Prince George's County on September 13, 2018.  Compl. 1, ECF No. 1–2.  On November 30, 2018, the matter was transferred from the District Court to the Circuit Court for Prince George's County.  Notice 1, ECF 5.  On June 14, 2019, the matter was removed from the Circuit Court to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1441(a).  Pet. for Removal, ECF No. 1.

## II.     Standard of Review

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A court must construe the facts alleged and reasonable inferences in favor of the nonmoving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

To prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of fact exists and that it is entitled to judgment as a matter of law. *Pulliam Inv. Co., Inc. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. "[T]he burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

"Once the moving party discharges its burden . . . the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Kitchen v. Upshaw*, 286 F.3d 179, 182 (4th Cir. 2002). Where the nonmoving party has the burden of proof, it is that party's responsibility to confront the motion for summary judgment with affirmative evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). "The disputed facts must be material to an issue necessary for the proper resolution of the case." *Everett, Inc. v. Nat'l Cable Adver., L.P.*, 57 F.3d 1317, 1323 (4th Cir. 1995). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249 (citations omitted).

### III. Analysis

Plaintiff alleges she was "injured by a defective condition that was negligently permitted to exist by the Defendant and/or which the Defendant negligently failed to warn." Pl.'s Mem. in Opp. to Def.'s Mot. 1, ECF No. 32–1. Defendant argues that summary judgment should be granted in its favor because: "(1) Plaintiff failed to produce evidence that an unreasonably

dangerous condition on the premises caused the occurrence; and (2) Plaintiff failed to present evidence that Shoppers was on notice of the allegedly defective condition." Def.'s Mem. in Supp. of Def.'s Mot. 4, ECF No. 29–1. The Court agrees with Defendant.

A possessor of land is subject to liability for harm to business invitees if, and only if he:

> (a) Knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger.

*Maans v. Giant*, 161 Md. App. 620, 626 (2005). "[T]he proprietor of a store is not an insurer of his customers while they are on the premises, and no presumption of negligence on the part of the proprietor arises merely from a showing that an injury was sustained in his store." *Rawls v. Hochschild, Kohn & Co., Inc.*, 207 Md. 113, 118 (1955). Further, the "burden is upon the customer to show that the proprietor created the dangerous condition or had actual or constructive knowledge of its existence prior to the invitee's injury." *Maans*, 161 Md. App. at 627–28 (citing *Lexington Mkt. Auth. v. Zappala*, 233 Md. 444, 446 (1964)). In order to establish that Plaintiff had constructive knowledge of a dangerous condition, Plaintiff must show how long the dangerous condition existed. *Joseph v. Bozzuto Mgmt. Co.*, 173 Md. App. 305, 316 (2007). There is no duty for a proprietor of a store to continuously inspect the premises and correct conditions as they occur. *Tennant v. Shoppers Food*, 115 Md. App. 381, 390 (1997) (quoting *Zappala*, 233 Md. at 446)).

"In no instance can the bare fact that an injury has happened, of itself and divorced from all the surrounding circumstances, justify the inference that the injury was caused by negligence." *Rawls*, 207 Md. at 119 (citing *Benedick v. Potts*, 88 Md. 52, 55 (1898)). Although

direct proof of negligence is not required, mere speculation is not enough to carry a customer's burden. *Id.*

### a. Plaintiff has not provided evidence to support the inference that Shoppers created the alleged dangerous condition which caused her injury.

Plaintiff testified that she tripped over the mat at Shoppers, however did not recall seeing a bump in the mat when she entered the store, or anytime before she fell. McClain-Praither Dep. 22:14–17, 24:16–26:1, 27:21–28:1, 37:8–11, 38:20–39:3. Although Plaintiff testified that she noticed a pucker in the mat *after* she had fallen, *Id.* at 25:4–6 (emphasis added), this testimony alone does not support the inference that Shoppers created the dangerous condition. On the contrary, Plaintiff did not notice anything wrong with the mats when she entered the store. *Id.* 22:14–17. Further, even after her fall Plaintiff stated that she was unsure how long the mat was not flat or how the mat became bunched up. *Id.* at 27:2–5.

Arguing that Defendant is not entitled to summary judgment, Plaintiff stated that "Plaintiff did indicate there was a 'bump' or pucker' in the mat prior to her fall." Pl.'s Mem. in Opp. to Def.'s Mot. 4. However, upon close reading of Plaintiff's deposition, Plaintiff stated that the mat "*may* have been bunched or had a pucker." McClain-Praither Dep. 22:22–23:6 (emphasis added). Plaintiff never definitively stated in her deposition that there was a pucker in the mat. In fact, she said she was unsure if it was puckered. "The law requires proof of probable, not merely possible, facts, including causal relations. Reasoning *post hoc, propter hoc* is a recognized logical fallacy, a *non sequitur*." *See Miller v. State*, 421 Md. 609, 627 (2011) (quoting *Charlton Bros. v. Garrettson*, 188 Md. 85, 94 (1947)); *Hill-Higgins v. Boucree*, 2019 WL 495498, at *7 (Md. Ct. Spec. App. Feb. 8, 2019). With the sparse evidence on record, the Court finds Plaintiff simply is unable to carry her burden and provide evidence which supports an inference that Shoppers created the dangerous condition. Plaintiff's testimony that the mat

"may have" been puckered is legally insufficient to support an inference that Shoppers created the dangerous condition which caused Plaintiff's injury. *Rawls*, 207 Md. at 119 (citing *Benedick v. Potts*, 88 Md. 52, 55 (1898)).

> **b. Shoppers did not have actual or constructive notice that there was any defect in the mat before Plaintiff's slip-and-fall.**

Plaintiff avers that "Defendant had many opportunities and ample means of discovering, or preventing the defect, and was clearly in a better position than Ms. McClain-Praither to discover, and prevent the defect in the store it maintained." Pl.'s Mem. in Opp. to Def.'s Mot. 5. Plaintiff states this is evidenced because "the store employee, immediately adjacent to the scene of the fall, knew about the defective floor mat." *Id.* Further, Plaintiff stated that the manager knew of the defective condition of the floor mat. *Id.* The Court disagrees.

To support Plaintiff's argument that a store employee knew of the defect, Plaintiff cites to her interrogatory answer which states:

> [Interrogatory #] 3. Give the names, addresses, and telephone numbers of any and all eyewitnesses to all or part of this occurrence and/or any person whom you claim has personal knowledge of the defective conditions complained about in your complaint.
>
> **Answer:** Ms. Gloria Austin witnessed the incident (301) 322-2049). I believe that the manager, Jeff Jalnick, and employee Mike (last name unknown to me) had knowledge of the issue with the mat.

Pl.'s Answer to Interrogs. 3, ECF No. 32–3. The Court finds that Plaintiff's testimony is not a factual assertion but an assumption that she believes the employee had knowledge of the condition of the mat. "A party opposing a properly supported motion for summary judgment . . . must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed. R.

Civ. P. 56(e)). Plaintiff, aside from her own statement, which was not sworn or executed[1] fails to provide any evidence to support the assertion that the employee knew of the defect in the mat. To the contrary, Plaintiff testified that she did not have a reason to believe any of the store employees actually knew that there was something wrong with the mat before she fell. McClain-Praither Dep. 37:22–38:4.

In regards to Plaintiff's contention that the store manager knew of the defect, Plaintiff cites to her deposition testimony stating:

> A: I went to the customer service desk, and I spoke to someone there and asked them could I talk with a manager . . .
>
> * * *
>
> A: He came over, and he asked me what had happened, and I said that I fell, and I think I pointed – you know, he said, 'where?' And I said, 'Over there.' And he asked me – and I said that I think – I said that I fell on your mat, *and he asked me was there a pucker in the mat* or – and then – I'm not sure what order he asked the questions.

*Id*. at 36:7–14 (emphasis added). The Court finds Plaintiff's testimony does not support her contention that "[t]he store manager upon arrival at the scene also knew of the defective condition and expressed the same to Plaintiff." Pl.'s Mem. in Opp. to Def.'s Mot. 5. Plaintiff specifically stated that she met the store manager at the customer service desk. There is no evidence that the store manager ever arrived at the scene of Plaintiff's slip-and-fall or that he saw a puckered mat prior to Plaintiff's fall. Further, the store manager simply inquired whether there was a pucker in the mat, he did not definitively state that there was a pucker in the mat. Hence,

---

[1] Defendant avers that they received unsworn, unexecuted Answers to Interrogatories via email on November 4, 2019, and have still not received sworn answers. Reply to Pl.'s Opp. to Def.' Mot. 2, n.1, ECF No. 35. Accordingly, Plaintiff has failed to present any affirmative evidence of the observations of Ms. Gloria Austin or Mr. Jeff Jalnick. Under no circumstances will the Court rely upon this "evidence."

7

the Court finds that Plaintiff has failed to support her contention that either a store employee or the store manager had actual knowledge of the dangerous condition that led to her fall.

Moreover, the Court finds that Plaintiff failed to provide sufficient evidence to show Shoppers had constructive notice of the puckered mat. Plaintiff was unable to articulate how long a dangerous condition existed which led to her slip-and-fall. First, Plaintiff did not notice any issues with the mat when she walked into the store. *Id.* 22:14–17. Then, Plaintiff stated that she was unsure how long the mat was not flat or how the mat became bunched up. *Id.* at 27:2–5. Lastly, Plaintiff stated that she did not have a reason to believe any of the store employees actually knew that there was something wrong with the mat before she fell. *Id.* at 37:22–38:4. At no point was Plaintiff able to provide evidence as to how long the mat was puckered, which is her burden. *Joseph v. Bozzuto Mgmt. Co.*, 173 Md. App. 305, 316 (2007).

Plaintiff has simply failed to come forward with specific facts permitting an inference that Defendant had actual or constructive knowledge of the dangerous condition. Therefore, the Court finds that there is no genuine issue for trial and Defendant is entitled to judgment as a matter of law.

## IV.     Conclusion

For the reasons set forth above, Defendants' Motion is GRANTED. Judgment shall be entered in favor of Defendant and the case shall be closed.

January 17, 2020                                                              /s/
                                                                 Charles B. Day
                                                                 United States Magistrate Judge

CBD/hjd